UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

      v.

JOHN J. JOHNSON,

      Defendant.

Case No. 2:13-cr-94
JUDGE GREGORY L. FROST

## OPINION AND ORDER

This matter is before the Court for consideration of a Hyde Amendment application for fees and expenses (ECF No. 73) filed by Defendant, John J. Johnson ("Johnson"). Plaintiff, United States of America ("the Government"), filed a memorandum in opposition to the application. (ECF No. 76.) For the reasons that follow, the Court **DENIES** Johnson's motion.

### I.    BACKGROUND

On April 16, 2013, a grand jury indicted Johnson for allegedly making a material false statement on his 2006 federal income tax return, in violation of 26 U.S.C. § 7206(1). Johnson moved to dismiss the indictment as untimely, arguing that the six-year statute of limitations expired on April 15, 2013. *See* 26 U.S.C. §§ 6534(5) and 6513(a). The Court denied that motion, holding that the indictment was timely according to 26 U.S.C § 7503. This Court, deciding an issue of first impression in this Circuit, concluded that the 2006 filing deadline was April 17 because April 15 was a Sunday and April 16 was a legal holiday. The Court explained that the statute of limitations commences to run on the last anticipated filing date in order to provide uniformity within any one year. (ECF No. 20, at Page ID # 48 (citing *United States v. Habig*, 390 U.S. 222 (1968)).)

1

The case proceeded to trial, and the jury returned a guilty verdict. This Court imposed a sentence of one year plus one day in prison, one year of supervised release, and payment of $531,000 in restitution to the Internal Revenue Service. Johnson subsequently appealed his conviction. On appeal, the Government conceded that the indictment was untimely. *United States v. Johnson*, 599 F. App'x 242 (6th Cir. 2015). The court of appeals ordered this Court to dismiss the indictment. That dismissal became effective on April 29, 2015. Johnson filed the present application for fees and costs on May 27, 2015.

## II. ANALYSIS

### A. Hyde Amendment Overview

The Hyde Amendment permits an award of attorney's fees and other litigation expenses to a "prevailing party" in a federal criminal case. Pub. L. No. 105-119, § 617, 111 Stat. 2440, 2519, reprinted in 18 U.S.C.A. § 3006A (Historical and Statutory Notes) ("Note to 18 U.S.C.A. § 3006A"). The Court may grant an award if the Government's position was "vexatious, frivolous, or in bad faith." *Id.* The Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, governs the procedures of and limitations on the Hyde Amendment, except the burden of proof. *Id.*

A defendant must satisfy several criteria under the Hyde Amendment. The defendant must apply within 30 days of the final judgment in the action. *United States v. Ranger Elec. Commc'ns*, 210 F.3d 627, 633 (6th Cir. 2000). A defendant must also be a prevailing party in a criminal case, meaning he or she must have been exonerated in some way. 28 U.S.C. § 2412. A non-business defendant must show that he or she had a net worth of not more than $2 million at the time of case filing. *Id*. Additionally, a defendant must produce an itemized statement of fees and costs, with attorney's fees limited to $125 per hour unless there are special circumstances. *Id.* Finally, the defendant carries the burden of proving the Government's position was

vexatious, frivolous, or in bad faith by a preponderance of the evidence. Note to 18 U.S.C.A. § 3006A. However, even if a prevailing defendant satisfies the burden of proof, a court may deny the application for fees if it finds that "special circumstances make such an award unjust." *Id.*

The Sixth Circuit has defined the terms "vexatious," "frivolous," and "bad faith" as used in the Hyde Amendment. "Vexatious" means "without reasonable or probable cause or excuse," while "bad faith" means "not simply bad judgment or negligence, but rather . . . the conscious doing of a wrong because of a dishonest purpose or moral ambiguity; . . . a state of mind affirmatively operating with furtive design or ill will." *United States v. Heavrin,* 330 F.3d 723, 728 (6th Cir. 2003) (quoting *United States v. True*, 250 F.3d 410, 423 (6th Cir. 2001)). A "frivolous" position is "one lacking a reasonable legal basis or where the government lacks a reasonable expectation of attaining sufficient material evidence by the time of trial." *Heavrin*, 330 F.3d at 729. Frivolous differs from vexatious because vexatious "embraces the distinct concept of being brought" to irritate, harass, annoy, or torment. *Id.* A defendant need only prove that the Government's position was either vexatious or frivolous or in bad faith. *Id.* at 731.

**B. Application**

The Court finds that Johnson filed this application within 30 days of final judgment, that Johnson is a prevailing party, and that Johnson's affidavit satisfies the net worth requirement. This Court concludes, however, that Johnson has not carried his burden of proving the Government's position was vexatious, frivolous, or in bad faith. Accordingly, the Court has no need to address the itemized statement of fees and costs.

It is unclear whether Johnson is contending that the Government's position was vexatious, frivolous, in bad faith, or any combination thereof. Nonetheless, the Court considers whether Johnson has proved any of the three by a preponderance of the evidence. He has not.

The Court concludes that Johnson has not shown that the Government's statute of limitations position was frivolous – in other words, that it lacked a reasonable legal basis.  A defendant seeking costs must establish that the Government's position was "so obviously wrong as to be frivolous."  *United States v. Gilbert*, 198 F.3d 1293, 1304 (11th Cir. 1999).  In that case, the "question of when the statute of limitations [began] to run in a 18 U.S.C. § 152 fraudulent concealment case was an issue of first impression" in the Eleventh Circuit.  *Id.* at 1303.  The Court held that the defendant was foreclosed from establishing the Government's position was frivolous because, first, it was a legal issue of first impression and, second, the district judge initially accepted the Government's position.  *Id.* at 1304.

*Gilbert* is similar to the instant case.  As Johnson admitted in his appellate brief, the question of when the statute of limitations begins to run on a timely filed tax return "if April 15 falls on a Saturday, Sunday, or legal holiday" is an issue of first impression in this Circuit.  Initial Brief for Appellant John Johnson (Corrected) at 19, *Johnson v. United States*, No. 14-3760 (6th Cir. 2015).  Further, the Court accepted the Government's argument opposing Johnson's pre-trial motion to dismiss.  In keeping with *Gilbert*, this Court holds that the issue of first impression was debatable among "reasonable lawyers and jurists."  *Gilbert*, 198 F.3d at 1304.  The Government's position was therefore not frivolous.

Additionally, Johnson has not shown that the Government's position was vexatious – that the case was brought for the distinct purpose of harassing or annoying Johnson.  Johnson asserts that the Government did not disclose to this Court two internal tax manuals that discuss the filing deadline.  In doing so, Johnson argues, the Government was duplicitous and intended to harass him.  The Court rejects this argument.  The Government was not obligated to present the internal manuals because they are not controlling law before this Court.  The manuals provide only

4

internal guidance for the benefit of the Internal Revenue Service and Department of Justice.  For instance, the criminal tax manual specifically denies creating any right enforceable at law.  (ECF No. 76, at Page ID # 1786).  This Court agrees with the Government that the internal manuals provide no more guidance than that which was found in *United States v. Habig,* 390 U.S. 222 (1968).  The Court addressed *Habig* in its order denying Johnson's pre-trial motion to dismiss and held that it only required a uniform expiration date in any one year.  (ECF No. 20, at Page ID # 48.)  Accordingly, Johnson has not proved that the Government's position was vexatious.

Johnson has also not shown that the Government's statute of limitations position was in bad faith.  Johnson suggests that the Government was deceitful when it did not disclose the internal manuals.  The Court rejects this argument for the same reasons the Court rejected it above: the manuals are not binding authority.  Johnson also asserts that the prosecution was in bad faith because it was " 'in defiance of controlling authority.' " (ECF No. 73, at Page ID # 1673 (quoting *United States v. Adkinson*, 247 F.3d 1289, 1293 (11th Cir. 2001)).)  This argument fails because the Court previously concluded that the relevant controlling authority supported the Government's argument.  Additionally, Johnson argues, "at the higher levels of government, a calculated decision was made to advance a position that the Government knew it would later abandon."  (ECF No. 73, at Page ID # 1673.)  Johnson has not shown any evidence indicating the Government prosecuted the case with the knowledge that it would later abandon its statute of limitations position.  Further, prosecutors do not act in bad faith "when they fail to anticipate how a court will decide an issue of first impression." *Gilbert*, 198 F.3d at 1303.  The Hyde Amendment should not chill prosecuting an issue of first impression but should only prevent prosecutorial misconduct. *Id.* Johnson has not met his burden of

proving the Government's position was in bad faith.

Finally, Johnson asserts that the Government's theory of prosecution was in bad faith. Johnson argues that "the Government pursued mutually exclusive tax prosecutions against the Johnson brothers" when it prosecuted each for the same amount of underreported income. The Court rejects this argument. The Government may bring the same or similar action against two separate defendants for the same or similar conduct. Johnson has not carried his burden of proving bad faith in this regard.

The Government contends that its position " 'as an inclusive whole' " must be vexatious, frivolous, or in bad faith in order for Johnson to succeed. *See Heavrin*, 330 F.3d at 730. A court must analyze the Government's position in its entirety, not, for example, count by count. *Id.* The Court acknowledges this requirement but does not discuss it further because Johnson has not met his burden of proving the Government's position was vexatious, frivolous, or in bad faith.

### III.   CONCLUSION

For the foregoing reasons, the Court **DENIES** Johnson's motion for fees and costs under the Hyde Amendment. (ECF No. 73.)

**IT IS SO ORDERED**.

                                        /s/ Gregory L. Frost
                                        GREGORY L. FROST
                                        UNITED STATES DISTRICT JUDGE